**IT IS ORDERED as set forth below:**



Date: November 22, 2022

_____
**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JAMES EARNEST NEWMAN, SR. and | ) | CASE NO. 21-55737-PWB |
| MARY HAASE NEWMAN, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| S. GREGORY HAYS, as Chapter 7 Trustee for | ) | |
| the Bankruptcy Estates of James Earnest | ) | |
| Newman, Sr. and Mary Haase Newman, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| UNITED COMMUNITY BANK, as successor | ) | |
| by merger of SOUTHERN NATIONAL BANK, | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| COBB COUNTY TAX COMMISSIONER, | ) | |
| MAGNOLIA LANE CONDOMINIUM ASSN., | ) | |
| JAMES EARNEST NEWMAN, SR. and | ) | |
| MARY HAASE NEWMAN, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING TRUSTEE'S MOTION AUTHORITY TO (A) SELL PROPERTY OF THE BANKRUPTCY ESTATE FREE AND CLEAR OF ALL LIENS, INTERESTS, AND ENCUMBRANCES AND (B) DISBURSE CERTAIN PROCEEDS AT CLOSING**

On October 25, 2022, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estates (the "**Bankruptcy Estate**") of James Earnest Newman, Sr. and Mary Haase Newman (collectively, "**Debtors**"), filed *Trustee's Second Motion for Authority to (A) Sell Property of the Bankruptcy Estate Free and Clear of All Liens, Interests, and Encumbrances and (B) Disburse Certain Proceeds at Closing* [Doc. No. 43] (the "**Sale Motion**"), pursuant to 11 U.S.C. §§ 363(b), (f), and (m), and Fed. R. Bankr. P. 2002(a)(2), 6004(a), 6004(c), and 9014.  In the Sale Motion, Trustee sought, among other things, an order from the Court authorizing the sale ("**Sale**") of that certain real property known generally as 3424 Double Eagle Drive, Marietta, Cobb County, Georgia 30008, to Adreanna Washington (the "**Purchaser**"), "as is, where is," for the sale price of $270,000.00 (the "**Purchase Price**") with a seller contribution of $1,000.00 in accordance with the terms of a *Purchase and Sale Agreement* (the "**Contract**"), attached to the Sale Motion as Exhibit "A."

Also on October 25, 2022, Trustee filed *Notice of Trustee's Motion for Authority to (A) Sell Property of the Bankruptcy Estate Free and Clear of All Liens, Interests, and Encumbrances and (B) Disburse Certain Proceeds at Closing; Deadline to Object; and for Hearing* [Doc. No. 44] (the "**Notice**") regarding the Sale Motion, in accordance with the Second Amended and Restated General Order No. 24-2018.  Counsel for Trustee certifies that he served the Notice on all requisite parties in interest on October 25, 2022 [Doc. Nos. 45 and 46].

The Notice provided notice of the opportunity to object whereupon a hearing would be held on December 8, 2022, at 10:00 a.m., pursuant to the procedures in the Second Amended and Restated General Order No. 24-2018.  No creditor or party in interest filed an objection to the

Sale Motion prior to the objection deadline provided in the Notice.

The Court having considered the Sale Motion and all other matters of record, including the lack of objection by any creditor or party in interest to the relief requested in the Sale Motion, and based on the foregoing, finding that no further notice or hearing is necessary, and, the Court having found good cause exists to grant the relief requested in the Sale Motion, it is hereby

**ORDERED** that the Sale Motion is **GRANTED**. It is further

**ORDERED** that the Contract is **APPROVED** and its terms are incorporated into this Order. It is further

**ORDERED** that Trustee, in his business judgment, is authorized to consider and agree to any offer from a competing bidder (the "**Substitute Purchaser**") that (a) exceeds the Purchase Price by at least $7,000.00; (b) is supported by earnest money of at least two percent (2%) of the bid price; (c) is not accompanied by any contingencies; and (d) can close within 10 days of the entry of this Order. It is further

**ORDERED** that Trustee is authorized and directed to take any and all actions necessary or appropriate to (a) consummate the Sale of the Property to Purchaser or a Substitute Purchaser and perform under the terms of the Contract; (b) execute, perform, consummate, implement, and close fully the Sale together with all additional instruments and documents that may be reasonably necessary; and (c) execute and perform all of the obligations of Trustee under the Contract. It is further

**ORDERED** that this Order shall be binding upon all creditors (whether known or unknown) of Debtors, Purchaser, any Substitute Purchaser, Trustee, the Bankruptcy Estate, and their respective successors, assigns, affiliates, and subsidiaries. It is further

**ORDERED** that upon consummation of the closing of the Sale, the Property shall be transferred and assigned to Purchaser or a Substitute Purchaser free and clear of all liens, claims, interests, and encumbrances with all unpaid, valid, and enforceable liens, claims, interests, or encumbrances attaching to the Sale proceeds with the same extent, validity, and priority that they held in the Property.  It is further

**ORDERED** that the Sale of the Property to Purchaser or a Substitute Purchaser is "as is," "where is," and without representation or warranty, express or implied, from Trustee.  It is further

**ORDERED** that the transactions contemplated by the Contract and this Order are undertaken by the Purchaser in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale of the Property shall not affect the validity of the Sale to the Purchaser, unless such authorization is duly stayed pending such appeal.  The Purchaser is a purchaser in good faith of the Property, and she is entitled to all the protections afforded by Section 363(m) of the Bankruptcy Code.  It is further

**ORDERED** that, under Fed. R. Bankr. P. 6004(h), this Order shall be effective and enforceable immediately upon entry, and its provisions shall be self-executing.  In the absence of any person or entity obtaining a stay pending appeal, Trustee and Purchaser or a Substitute Purchaser are free to close the Sale of the Property at any time, at which time the gross sales proceeds shall be paid to Trustee pursuant to this Order, and those disbursements requested by the Trustee in his Sale Motion are authorized to be made, including, but not limited to, Debtors' homestead exemption of $43,000.00 (the "**Homestead Exemption**"), of which $21,500.00 of the Homestead Exemption shall be made payable to James Earnest Newman, Sr., and $21,500.00 of

the Homestead Exemption shall be made payable to Mary Haase Newman, both care of their attorney, Ian M. Falcone, the Falcone Law Firm, P.C.  It is further

**ORDERED** that this Court retains exclusive jurisdiction over any action relating to, based upon, or arising from disputes or controversies relating to or concerning the Sale, the Contract, or this Order.

**[END OF DOCUMENT]**

Order prepared and presented by:

ROUNTREE LEITMAN KLEIN & GEER LLC
*Attorneys for Chapter 7 Trustee*

By:*/s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
Century Plaza I
2987 Clairmont Rd, Suite 350
Atlanta, Georgia 30329
Phone: (404) 410-1220
mbargar@rlkglaw.com


**Identification of parties to be served:**

Office of the United States Trustee, 362 Richard B. Russell Bldg.,75 Ted Turner Drive, SW, Atlanta, Georgia 30303

S. Gregory Hays, Chapter 7 Trustee, Hays Financial Consulting, LLC, Suite 555, 2964 Peachtree Road, Atlanta, GA 30305

JP Morgan Chase Bank, N.A., c/o Josephine E. Salmon, Aldridge Pite, LLP, Fifteen Piedmont Center, 3575 Piedmont Road, NE, Suite 500, Atlanta, GA 30305

Nicki Teague, CEO, Magnolia Lane Condominium Association, 3950 Cobb Parkway, Suite 804, Acworth, GA 30101

Magnolia Lane Condominium Association, c/o Michael Rome, Esq., Reg. Agent, 707 Whitlock Avenue, Suite E-15, Marietta, GA 30064

Carla Jackson, Cobb County Tax Commissioner, 736 Whitlock Avenue, NW, Unit 100, Marietta, GA 30064

H. Lynn Harton, President and CEO, United Community Bank, 125 Highway 515 E, Ops Building, Blairsville, GA 30512

H. Lynn Harton, President and CEO, United Community Bank, 306 E. North Street, Greenville, SC 29601

H. Lynn Harton, President and CEO, United Community Bank, 2 W. Washington Street, Suite 700, Greenville, GA 29601

Ian M. Falcone, The Falcone Law Firm, P.C. , 363 Lawrence Street, Marietta, GA 30060

James Earnest Newman, Sr., 3424 Double Eagle Drive, Marietta, GA 30008

Mary Hasse Newman, 3424 Double Eagle Drive, Marietta, GA 30008

Michael Campbell, Attention: Denise Hammock, Campbell & Brannon, LLC, 5565 Glenridge Connector, Suite 350, Atlanta, GA 30342

Michael J. Bargar, Arnall Golden Gregory LLP, 171 17th Street, NW, Suite 2100, Atlanta, GA 30363-1031