UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-55752-PMB |
| | : | |
| NEW VISION REALTY & | : | |
| INVESTMENTS, INC., | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**MOTION FOR ORDER AUTHORIZING SETTLEMENT UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of New Vision Realty & Investments, Inc. ("**Debtor**"), through undersigned counsel, and files his *Motion for Order Authorizing Settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Settlement Motion**"). In support of the Settlement Motion, Trustee respectfully shows:

**Jurisdiction and Venue**

1. This Bankruptcy Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought in this Settlement Motion is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

**Background**

2. On August 2, 2021 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended,

modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 7 Case No. 21-55752-PMB (the "**Bankruptcy Case**" or "**Case**").

3.      On the Petition Date, Debtor was the sole owner of record of a certain real property and improvements with a common address of 2562 Meadow Lark Drive, East Point, Georgia 30344 (the "**Property**").

4.      On its *Schedule D: Creditors Who Have Claims Secured by Property*, Debtor scheduled two purported secured claims in the Property: (a) the first belonging to Normandy Capital Trust in the amount of $198,377.11; and (b) the second belonging to KRT Properties LLC in the amount of $40,000.00.  [Doc. No. 18 at page 7 of 20].

5.      Upon information and belief, the scheduled secured claim of Normandy Capital Trust relates to a transfer of a security interest that Debtor made to Patch of Land Lending LLC through a Security Deed dated November 17, 2017 (the "**Security Deed**").

6.      Debtor executed the Security Deed on or about November 17, 2017 in favor of Patch of Land Lending, LLC, conveying the Property to secure a debt in the original principal amount of $130,000.00 (the "**First Transfer**").

7.      The Security Deed was recorded in the real property records of the Superior Court of Fulton County, Georgia (the "**Real Estate Records**") on December 4, 2017 (the "**Second Transfer**" and together with the First Transfer, the "**Transfers**") at pages 479-516 of Deed Book 58228.

8.      The Security Deed has been assigned to Normandy Capital Trust via an Assignment recorded in the Real Estate Records on April 3, 2018 at pages 494-497 of Deed Book 58630.

9. Trustee asserts that the execution of the Security Deed by Debtor was not attested by an official witness as required by O.C.G.A. §§ 44-14-61 (2015) and that this defect in attestation is apparent on the face of the Security Deed.

10. On September 24, 2021, Trustee filed a complaint (the "**Complaint**") against Normandy Capital Trust and initiated the adversary proceeding styled as *Hays v. Normandy Capital Trust* (Adv. Pro. No. 21-5101-PMB) (the "**Adversary Proceeding**"), in which Trustee has asserted, among other things, that Trustee can avoid and recover the Transfers for the benefit of the Bankruptcy Estate under 11 U.S.C. §§ 544, 550, and 551 (the "**Avoidance Issues**").

11. Normandy Capital Trust contests Trustee's claims related to the avoidability and recoverability of the Transfers.

12. Normandy Capital Trust filed a proof of claim in the Bankruptcy Case [Claim No. 2-1] (as amended, the "**Proof of Claim**"), asserting a secured claim in the Property in the amount of $175,000.00 and an unsecured claim in the amount of $23,377.11. On September 19, 2022, Normandy Capital Trust amended the Proof of Claim [Claim No. 2-2], seeking to recover an additional amount for its attorneys' fees.

13. In June of 2022, Trustee sold the Property and netted the Bankruptcy Estate approximately $270,000.00 from the sale (the "**Net Sale Proceeds**"). *See* [Doc. No. 106].

14. Trustee is holding the Net Sale Proceeds for the benefit of the Bankruptcy Estate.

### The Proposed Settlement

15. Following negotiations, Trustee and Normandy Capital Trust (collectively, the "**Parties**") reached an agreement to resolve the Avoidance Issues raised by Trustee, subject to Bankruptcy Court approval. A copy of the Settlement Agreement is attached as Exhibit "A" to

this Settlement Motion and is incorporated herein by reference. Significant terms of the Settlement Agreement follow:[1]

    a. Within 10 days of the Settlement Approval Order becoming final, Trustee shall pay to Normandy Capital Trust $107,000.00 from the Net Sale Proceeds (the "**Settlement Funds**") in one lump sum payment by delivering a check to Normandy Capital Trust in the amount of $107,000.00 made payable to "Normandy Capital Trust."

    b. The Parties stipulate and agree that Normandy Capital Trust's claim [Claim No. 2-2] shall be allowed in the amount of $107,000 but shall be disallowed as to any amount in excess of $107,000. Neither Normandy Capital Trust, nor any of its affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate as an unsecured creditor, except as provided in Section 2.2 of the Settlement Agreement. Normandy Capital Trust's claim, as allowed, shall be deemed satisfied upon the Trustee's payment in accordance with Section 2.2 of the Settlement Agreement.

    c. Within ten (10) business days of the later of: (a) the Settlement Approval Order becoming a final order, or (b) Trustee's paying the Settlement Funds to Normandy Capital Trust, Trustee and Normandy Capital Trust shall file a stipulation dismissing with prejudice the Adversary Proceeding.

    d. The Parties grant one another broad and general releases.

## Relief Requested

16. By this Settlement Motion, Trustee requests that the Bankruptcy Court approve the Settlement Agreement between the Parties.

## Basis for Relief

17. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to

---

[1] The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement shall control.

approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
>> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).[2]

18. The proposed settlement between the Parties is the product of arms' length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

19. Given the potential expense of litigating the claims raised by Trustee and the contingent nature of the same, in the event that the claims that are proposed to be settled are instead prosecuted, the amount of time that such litigation will require, the delay before the final outcome is known (including the time necessary for any potential appeals), and the complexity and

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

5

uncertain resolution of factual and legal disputes, settlement on the terms described in the Settlement Agreement is a proper exercise of the Trustee's business judgment and in the best interests of the Bankruptcy Estate. In fact, Trustee estimates that the proposed Settlement Agreement puts the Bankruptcy Estate in approximately the same positon that it would be in if Trustee were to litigate the Adversary Proceeding to a judgment (based on the unsecured claim that Normandy Capital Trust would receive under Section 502(h) and the resulting dilution of the unsecured pool of claimants).

20. Trustee estimates that the proposed Settlement Agreement will allow him to make a meaningful distribution to holders of timely filed general unsecured claims.

21. Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee requests that the Bankruptcy Court approve the Settlement Agreement.

WHEREFORE, Trustee respectfully requests that the Bankruptcy Court enter an Order (i) granting this Settlement Motion; (ii) authorizing Trustee to take actions reasonably necessary to effectuate the terms of the Settlement Agreement; and (iii) granting to the parties such other and further relief that the Court deems just and appropriate.

Respectfully submitted, this 13th day of October, 2022.

ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
mbargar@rlkglaw.com

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
404-410-1220

**EXHIBIT "A" FOLLOWS**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") dated as of October 12th, 2022 (the "**Effective Date**"), is entered between S. Gregory Hays, as Chapter 7 trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of New Vision Realty & Investments, Inc. ("**Debtor**"); and Normandy Capital Trust ("**Normandy Capital Trust**"), a Delaware statutory trust.

### Background

1. On August 2, 2021 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 7 Case No. 21-55752-PMB (the "**Bankruptcy Case**").

2. On the Petition Date, Debtor was the sole owner of record of a certain real property and improvements with a common address of 2562 Meadow Lark Drive, East Point, Georgia 30344 (the "**Property**").

3. On its *Schedule D: Creditors Who Have Claims Secured by Property*, Debtor scheduled two purported secured claims in the Property: (a) the first belonging to Normandy Capital Trust in the amount of $198,377.11; and (b) the second belonging to KRT Properties LLC in the amount of $40,000.00. [Doc. No. 18 at page 7 of 20].

4. Upon information and belief, the scheduled secured claim of Normandy Capital Trust relates to a transfer of a security interest that Debtor made to Patch of Land Lending LLC through a Security Deed dated November 17, 2017 (the "**Security Deed**").

5. Debtor executed the Security Deed on or about November 17, 2017 in favor of Patch of Land Lending, LLC, conveying the Property to secure a debt in the original principal amount of $130,000.00 (the "**First Transfer**").

6. The Security Deed was recorded in the real property records of the Superior Court of Fulton County, Georgia (the "**Real Estate Records**") on December 4, 2017 (the "**Second Transfer**" and together with the First Transfer, the "**Transfers**") at pages 479-516 of Deed Book 58228.

7. The Security Deed has been assigned to Normandy Capital Trust via an Assignment recorded in the Real Estate Records on April 3, 2018 at pages 494-497 of Deed Book 58630.

8. Trustee asserts that the execution of the Security Deed by Debtor was not attested by an official witness as required by O.C.G.A. §§ 44-14-61 (2015) and that this defect in attestation is apparent on the face of the Security Deed.

9. On September 24, 2021, Trustee filed a complaint (the "**Complaint**") against Normandy Capital Trust and initiated the adversary proceeding styled as *Hays v. Normandy Capital Trust* (Adv. Pro. No. 21-5101-PMB) (the "**Adversary Proceeding**"), in which Trustee has asserted, among other things, that Trustee can avoid and recover the Transfers for the benefit of the Bankruptcy Estate under 11 U.S.C. §§ 544, 550, and 551 (the "**Avoidance Issues**").

10. Normandy Capital Trust contests Trustee's claims related to the avoidability and recoverability of the Transfers.

11. Normandy Capital Trust filed a proof of claim in the Bankruptcy Case, as amended [Claim No. 2-1] (the "**Proof of Claim**"), asserting a secured claim in the Property in the amount of $175,000.00 and an unsecured claim in the amount of $23,377.11. On September 19, 2022, Normandy Capital Trustee filed an amended proof of claim, [Claim No. 2-2] seeking to recover an additional amount for its attorneys' fees.

12. In June of 2022, Trustee sold the Property and netted the Bankruptcy Estate approximately $270,000.00 from the sale (the "**Net Sale Proceeds**"). *See* [Doc. No. 106].

13. Trustee is holding the Net Sale Proceeds for the benefit of the Bankruptcy Estate.

14. Following negotiations, Trustee and Normandy Capital Trust (collectively, the "**Parties**") have reached an agreement to resolve the Avoidance Issues raised by Trustee, subject to Bankruptcy Court approval.

Accordingly, the Parties agree as follows:

1. **Background.** The recitations in the above background section are incorporated into this Agreement as if set forth fully herein.

2. **Resolution of the Avoidance Issues.** Subject to approval of this Agreement by the Bankruptcy Court, following notice and the opportunity for a hearing, the Parties agree to resolve the claims and disputes between them as follows:

    2.1. *Approval of Proposed Settlement.* Within five (5) business days after execution of this Agreement by each of the Parties, Trustee shall prepare and file the necessary pleadings, including, but not limited to, a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Settlement Approval Motion**"), seeking entry of an order by the Bankruptcy Court approving the compromise and settlement contemplated herein ("**Settlement Approval Order**").

    2.2. *Payment of Settlement Funds by Trustee to Normandy Capital Trust.* Within 10 days of the Settlement Approval Order becoming final, Trustee shall pay to Normandy Capital Trust $107,000.00 from the Net Sale Proceeds (the "**Settlement Funds**") in one lump sum payment by delivering a check to Normandy Capital

Trust in the amount of $107,000.00 made payable to "Normandy Capital Trust" and addressed as follows:

Austin E. James
AVP/Trial Counsel
Fidelity National Law Group
4170 Ashford Dunwoody Road, Suite 475
Atlanta, GA 30319

For the purposes of this Agreement, the Settlement Approval Order becomes final when it has been entered on the docket in the Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted.

2.3. *Release by Trustee of Normandy Capital Trust.* Effective upon the Settlement Approval Order becoming a final order, and except for the rights, duties, and obligations created or preserved under this Agreement, Trustee releases, acquits, and forever discharges Normandy Capital Trust from any and all Claims (as defined in Section 9 of this Agreement) of any kind, character, or nature whatsoever, known or unknown, fixed or contingent, that Trustee may have or claim to have against Normandy Capital Trust prior to the Effective Date.

2.4. *Release by Normandy Capital Trust of Trustee and the Bankruptcy Estate.* Effective upon Trustee's paying the Settlement Funds to Normandy Capital Trust and the Settlement Approval Order becoming a final order, and except for the rights, duties, and obligations created or preserved under this Agreement, Normandy Capital Trust releases, acquits, and forever discharges Trustee and the Bankruptcy Estate and each and every past and present agent, servant, employee, representative and attorney of Trustee or the Bankruptcy Estate from any and all Claims (as defined in Section 9 of this Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that Normandy Capital Trust may have or claim to have against Trustee or the Bankruptcy Estate prior to the Effective Date.

2.5. *Normandy Capital Trust Shall Have No Unsecured Claim Against the Bankruptcy Estate Except as Provided Herein.* The Parties stipulate and agree that Normandy Capital Trust's claim [Claim No. 2-2] shall be allowed in the amount of $107,000 but shall be disallowed as to any amount in excess of $107,000. Neither Normandy Capital Trust, nor any of its affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate as an unsecured creditor, except as provided in Section 2.2 of this Agreement. Normandy Capital Trust's claim, as allowed, shall be deemed satisfied upon the Trustee's payment in accordance with Section 2.2 of this Agreement.

    2.6. *Dismissal of Adversary Proceeding.* Within ten (10) business days of the later of: (a) the Settlement Approval Order becoming a final order, or (b) Trustee's paying the Settlement Funds to Normandy Capital Trust, Trustee and Normandy Capital Trust shall file a stipulation dismissing with prejudice the Adversary Proceeding.

3. **No Admissions.** The Parties acknowledge and agree that this Agreement is being executed and delivered as part of the compromise and settlement of disputed claims and is expressly contingent upon and subject to the approval of the Bankruptcy Court. The Parties further acknowledge and agree that this Agreement will not and may not be used or construed as an admission of any liability or responsibility to any party or to any other persons.

4. **Entire Agreement; Modification.** The Parties agree that there are no other agreements, oral or written, between or among them relating to any matters covered by this Agreement and that this Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein. The Parties further agree that this Agreement may not be altered, amended, or modified in any respect or particular whatsoever, except by a writing duly executed by Trustee and Normandy Capital Trust, and that any material amendment is subject to Bankruptcy Court approval.

5. **Voluntary Execution of Agreement.** The Parties hereby mutually acknowledge and represent and warrant that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know, and understand completely the contents hereof, and that they have voluntarily executed the same. The Parties further mutually acknowledge and represent and warrant that they have had input into the drafting of this Agreement and that, accordingly, in any construction to be made of this Agreement, it shall not be construed for or against either Trustee or Normandy Capital Trust but rather shall be given fair and reasonable interpretation based on the plain language of this Agreement and the expressed intent of the Parties.

6. **Authority of Parties.** The persons executing this Agreement represent and warrant that they have the legal and institutional authority to do so on behalf of the person or legal entity for which they are signing.

7. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which is an original, and all of which constitute only one agreement between the Parties. Counterparts of this Agreement also may be exchanged via electronic transmission such as facsimile machines or computer, and any Party's signature transmitted by such electronic transmission shall be deemed to be an original signature for all purposes.

8. **No Assignment or Transfer of Released Claims.** Each Party represents and warrants that as of the date of the execution of this Agreement, it is the true and lawful owner of all right, title and interest in and to each and every Claim that will be released pursuant to this Agreement, and that it has not assigned or transferred or purported to assign or transfer, to

any person, firm, corporation, association or any entity whatsoever, all or any part of the Claims.

9. **Definition of Claims.** The term "Claims" means all claims or causes of action that were asserted or could have been brought as of the Effective Date by or on behalf of any Party to this Agreement, either directly or indirectly, in respect of, in relation to, or in connection with the Bankruptcy Case or the Adversary Proceeding.

10. **Bankruptcy Court Jurisdiction.** The Bankruptcy Court shall retain jurisdiction over the Parties for enforcement of this Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction or other issue relating to or concerning this Agreement. An action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Bankruptcy Court which shall retain jurisdiction over the subject matter and the Parties for this purpose.

11. **Georgia Law Applicable.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles.

12. **Severability.** If any provision of this Agreement is illegal or unenforceable, that provision is severed from this Agreement and the other provisions remain in force.

13. **Notices.** Any notices by Parties provided for or permitted under this Agreement, or by law, shall be in writing and shall be deemed received: (a) when personally delivered to a party, on the date of such delivery; or (b) when sent via electronic mail to a party at the electronic mail address set forth below, on the date of transmission, provided that the transmitting Party has no reasonable belief that the electronic mail was not delivered; or (c) when deposited in the United States Mail, certified and postage prepaid, addressed to such party at the address set forth below, three (3) days following the deposit of such notice in the mail. Notices shall be sent to the parties as follows

13.1. *If to Trustee:*

> Michael J. Bargar
> Rountree Leitman Klein & Geer, LLC
> Century Plaza I
> 2987 Clairmont Rd., Suite 350
> Atlanta, GA 30329
> mbargar@rlkglaw.com (electronic mail)

13.2. *If to Normandy Capital Trust:*

> Austin E. James
> Fidelity National Law Group
> 4170 Ashford Dunwoody Road, Suite 475
> Atlanta, GA 30319

austin.james@fnf.com (electronic mail)

The address to which notices are to be sent may be changed by any party by providing notice of the new address as provided herein.

14. **Restoration.** In the event that the Bankruptcy Court denies approval of this Agreement, then, and in that event, unless otherwise agreed by the Parties in writing, this Agreement shall terminate and be null and void and have no further force or effect and the Parties shall be restored to their respective factual and legal positions which existed immediately prior to execution of this Agreement.

15. **Parties to Bear Own Costs.** Except as otherwise stated in this Agreement, each Party shall bear its own costs (including attorney's fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Agreement.

To evidence the Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the Effective Date.

**TRUSTEE**

_____
S. Gregory Hays, as and only as
Chapter 7 trustee for the bankruptcy estate of
New Vision Realty & Investments, Inc. (Case No. 21-55752-PMB)

Dated: 10-12-2022

**NORMANDY CAPITAL TRUST**

By: _____
Name: Zebulon Tyles
Title: Principal - Toorak Capital Partners LLC, its authorized director
Dated: 10.12.2022

**CERTIFICATE OF SERVICE**

   This is to certify that I, Michael J. Bargar, am over the age of 18 and that I have this day served a true and correct copy of the foregoing *Motion for Order Authorizing Settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by first class United States mail on the following persons or entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Nicole Carson
The Carson Firm, LLC
225 Arthur Drive
McDonough, GA 30252

New Vision Realty & Investments, Inc.
3645 Marketplace Blvd, Unit 150-593
Atlanta, GA 30344

Austin E. James
Fidelity National Law Group
4170 Ashford Dunwoody Road, Suite 475
Atlanta, GA 30319

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Road, Suite 555
Atlanta, GA 30305-2153

   This 13th day of October, 2022.

                     */s/ Michael J. Bargar*
                     Michael J. Bargar
                     Georgia Bar No. 645709